IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL DOCKET NO.: 5:08CV88-V

| | |
|---|---|
| BRYAN E. GREENE, JORDAN M. GREENE, TODD MEISTER, Plaintiffs, vs. GARY O. BARTLETT, LARRY LEAKE, GENEVIEVE SIMS, LORRAINE SHINN, CHARLES WINFREE, and ROBERT CORDLE, Defendants. | Memorandum and Order |

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss for Improper Venue or to Transfer Venue, filed August 25, 2008 (Document #12); and Plaintiffs' Response in Opposition, filed September 2, 2008 (Document #17).

**I. Nature of Case**

Plaintiff Bryan E. Greene ("Greene") seeks to have his name placed on the ballot in the November 2008 General Election as an independent (or unaffiliated) candidate for a North Carolina Tenth Congressional District seat. (Compl. ¶¶8, 22) The other named Plaintiffs, Jordan Greene and Todd Meister, are supporters of Greene's candidacy. (Compl. ¶¶9, 22)

Plaintiffs bring this civil action pursuant to the First and Fourteenth Amendments of the United States Constitution and 42 U.S.C. §1983. Plaintiffs' Complaint alleges that the North Carolina statute that governs the procedure for independent candidates (*i.e.*, what must be done to be placed on the ballot) is unconstitutional. See N.C. Gen. Stat. §163-122(a)(2) (requires the

1

candidate to submit petitions signed by at least 4% of the registered voters in the applicable congressional district).

**II. Standard**

"To survive a motion to dismiss for improper venue when no evidentiary hearing is held, the plaintiff need only make a *prima facie* showing of venue." Mitrano v. Hawes, 377 F.3d 402, 405 (4th Cir.2004) (*citing* Delong Equip. Co. v. Washington Mills Abrasive Co., 840 F.2d 843, 845 (11th Cir.1988)).

**III. Venue**

Pursuant to 28 U.S.C. §1391(b), in a civil action not based solely on diversity, venue is proper only in:

> "(1) a judicial district where any defendant resides, if all defendants reside in the same State, [or]
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ."

28 U.S.C. §1391(b)(1) and (2). Therefore, under Section 1391, as amended in 1990, it is possible for venue to lie in more than one judicial district. Mitrano, 377 F.3d at 405 (explaining that our circuit no longer applies the "weight of the contacts" test) (*citing* Ciena Corp. v. Jarrard, 203 F.3d 312, 318 (4th Cir.2000)).

**IV. Discussion**

Defendants move for dismissal or transfer alleging that venue is only proper in the Eastern District of North Carolina because that is where the Defendants, all sued in their official capacity, reside for purposes of the relevant analysis. *See* 28 U.S.C. §1391(b)(1) and Defs.' Mem. In Supp.

2

at 3-4.

Plaintiffs do not address the applicability of §1391(b)(1) in their response. Instead, Plaintiffs rely on §1391(b)(2) and allege that "substantial" events (and omissions) have occurred in this district. More specifically, Plaintiffs assert that "the subject of the law suit is plaintiff Bryan Greene's access to the ballot in the Tenth Congressional District, which indisputably lies within the Western District of North Carolina." (Pls.' Brf. in Opp'n at 2.) Plaintiffs also point out that, if Greene is denied access to the ballot, the Western District is where Plaintiffs will suffer injury. (Id.)

For purposes of Subsection 1391(b)(2), Defendants ask the Court to focus on the activities of the Defendants rather than the Plaintiffs.[1] However, this view has been criticized as placing too much emphasis on the "contacts" of a defendant to a forum rather than the significance of the acts to the cause of action. *See e.g.*, 32A Am. Jur. 2d Federal Courts §1181 ("When material acts or omissions within the forum bear a close nexus to the claims, they are properly deemed "significant" and, thus, substantial.") (*citing* Daniel Am. Bd. of Emergency Med., 428 F.3d 408, 431-35 (2nd Cir.2005)). "[I]n determining whether events or omissions are sufficiently substantial to support venue under the amended statute, a court should not focus only on those matters that are in dispute or that directly led to the filing of the action." Mitrano, 377 F.3d at 405 (*internal citation omitted*). Rather, the Court is directed to review "the entire sequence of events underlying the claim." Id. (*internal citations omitted*).

Here, in addition to the basis for venue identified by Defendants, both sides identify "substantial" activities and omissions that either have occurred, or will occur (depending on the outcome of the case) in both districts. Much of Plaintiffs' efforts thus far at satisfying N.C. GEN.

---

[1] Defendants cite no Fourth Circuit law for this proposition.

Stat. §163-122(a)(2) have taken place within the Western District. Moreover, because Plaintiff Greene seeks to represent North Carolina's Tenth Congressional District, there is certainly a nexus between Plaintiffs' cause of action and the federal judicial district that encompasses the Tenth Congressional District.[2] However, Plaintiff Greene's proposed candidacy was denied certification as a result of official action by the State Board of Elections within the Eastern District. These facts tend to show that venue is proper in *either* district. For this reason, Defendants' Rule 12(b)(3) motion to dismiss must be <u>denied</u>.[3]

Finally, although Defendants do not seek a discretionary transfer of venue under 28 U.S.C. §1404(a), Plaintiffs' choice of forum is due some deference since venue is, in fact, proper in the selected forum. *See* Prac. Guide Fed. Civ. Proc. Before Trial (Nat. Ed.) Ch. 4 - D §4:311 (noting that under §1391(b)(2), plaintiff can select any district in which a "substantial part" of the litigation occurred).

**IT IS THEREFORE ORDERED THAT** Defendants' Rule 12(b)(3) Motion to Dismiss for Improper Venue is **DENIED**.

Signed: September 9, 2008

*/s/ Richard L. Voorhees/*

Richard L. Voorhees
United States District Judge

---

[2] North Carolina's Tenth Congressional District is comprised of the following counties: Avery, Burke, Caldwell, Catawba, Cleveland, Lincoln, and Mitchell, as well as parts of Gaston, Iredell and Rutherford.

[3] Therefore, the Court need not entertain Defendants' alternative motion for transfer under 28 U.S.C. §1406.