THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:08-CV-088-GCM

| | | |
|---|---|---|
| BRYAN E. GREENE, JORDON M. GREENE and TODD MEISTER, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | ORDER |
| GARY O. BARTLETT, LARRY LEAKE, ROBERT CORDLE, ANITA S. EARLS, BILL W. PEASLEE, and CHARLES WINFREE | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## I. NATURE OF THE CASE

Pursuant to Federal Rule of Civil Procedure 24(b)(1)(B), Bradley D. Smith moves to intervene as a plaintiff in the case of *Greene v. Bartlett*, 5:08-CV-0088. Smith is currently running as an unaffiliated candidate for election as the United States Representative from North Carolina's Fifth Congressional District. He seeks to gain access to the general election ballot through the provisions of N.C. Gen. Stat. § 163-122(a)(2). This statute requires unaffiliated candidates to submit petitions supporting their ballot access signed by at least 4% of the registered voters in the Congressional District they seek to represent. In the Fifth District, this requirement is 18,123 valid signatures. At the time of filing, Smith has submitted approximately 7,500 valid signatures.

Smith claims that N.C. Gen. Stat. § 163-122(a)(2) violates the rights of unaffiliated congressional candidates and their supporters under the First and Fourteenth

1

Amendments to the United States Constitution and 42 U.S.C. § 1983. Plaintiff Bryan Green is also challenging the constitutional validity of N.C. Gen. Stat. § 163-122(a)(2). Smith's motion to intervene is therefore appropriate under Federal Rule of Civil Procedure 24(b)(1)(B).

## II. DISCUSSION

### a. Permissive Intervention

Federal Rule of Civil Procedure 24(b)(1)(B) states the court may permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." In deciding a Rule 24 motion, the court's discretion is broad and turns on the inherently discretionary considerations of equity and judicial economy. 6 MOORE'S FEDERAL PRACTICE § 24.10[1] (3rd ed. 2002). When a court exercises this discretion, Rule 24 also requires "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Permissive intervention requires a timely filed application. *Gould v. Alleco, Inc.,* 883 F.2d 281, 286 (4th Cir.1989). "Rule 24 is silent as to what constitutes a timely application, and the question must therefore be answered in each case by the exercise of the sound discretion of the court." *Black v. Cent. Motor Lines, Inc.*, 500 F.2d 407, 408 (4th Cir. 1974). A court's ruling will only be overturned for an abuse of discretion. *Scardelletti v. Debarr*, 265 F.3d 195, 202 (4th Cir. 2001), *rev'd on other grounds, Devlin v. Scardelletti,* 536 U.S. 1 (2002).

The Fourth Circuit has held the timeliness of an application to be a "cardinal consideration." *Brink v. DaLesio,* 667 F.2d 420, 428 (4th Cir. 1981). "The purpose of the

[timeliness] requirement is to prevent a tardy intervener from derailing a lawsuit within sight of the terminal." *Scardelletti*, 265 F.3d at 203 (quoting *U.S. v. South Bend Cmty. School Corp.*, 710 F.2d 394, 396 (7th Cir.1983)). Three factors are important in deciding whether an application is timely: (1) how far the suit has progressed, (2) the prejudice that delay might cause other parties, (3) and the reason for the tardiness in moving to intervene. *Gould,* 883 F.2d at 286.

### b. Smith's intervention is appropriate

Smith shares a common question of law with Plaintiffs, and granting his motion to intervene will not create undue delay or prejudice the other parties' rights. Both Smith and Plaintiffs seek to invalidate N.C. Gen. Stat. § 163-122(a)(2). Plaintiffs support Smith's intervention and believe he will enhance their standing argument. Granting Smith's motion to intervene will not unduly delay or complicate the pending motion for summary judgment because the Movant will join in Plaintiffs' Motion for Summary Judgment and their supporting memoranda. Smith has stated that he does not intend to contribute any additional facts beyond those stated in his verified motion and his complaint.

Smith's intervention is not untimely nor will the delay prejudice any of the parties. Smith has been collecting signatures for just eight months, and has only recently gained standing to join this suit. Smith was not affected by N.C. Gen. Stat. § 163-122(a)(2) until some point within this collection process. While Smith's complaint will prompt a response and reply, Defendants' concern that the complaint introduces a myriad of new facts and arguments specific to the 2010 elections is disproportionate to the content of the complaint, which differs only slightly from Greene's. The number of signatures

submitted by Smith is easily verifiable by Defendants. Defendants indicate they wish to introduce further facts from the 2010 election in response to Smith's complaint. The facts alluded to by Defendants in their response are equally as easily verifiable, and will undoubtedly bolster Defendants' legal arguments. Though summary judgment has been fully briefed, Smith will be joining in Plaintiffs' memoranda. The legal arguments in this case will remain the same, and this Court will be able to move straight to its decision on summary judgment once the briefing for Smith's complaint has concluded.

## III. CONCLSUION

As Smith's intervention will not create undue delay or burden on the parties, judicial economy dictates that he be allowed to join Plaintiffs' suit. Smith shares a common question of law with Plaintiffs, and there is no reason for a separate suit.

**IT IS THEREFORE ORDERED** that the Motion to Intervene is **GRANTED.**

Signed: July 15, 2010

Graham C. Mullen
United States District Judge